IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| KENNETH G. BUTZ, | : | |
| aka KENNETH BUTZ, | : | |
| aka KEN G. BUTZ, | : | |
| aka KENNETH G. BUTZ SR., | : | |
| aka KEN BUTZ and | : | |
| FREDA M. BUTZ, | : | |
| aka FREDA BUTZ | : | |
| | : | CASE NO. 5-10-bk-03458 RNO |
| Debtors | : | |
| _____ | : | _____ |
| | : | |
| FREDA M. BUTZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PEOPLE FIRST FEDERAL | : | |
| CREDIT UNION, | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 5-10-ap-00249 RNO |

# **OPINION**[1]

Presently pending before the Court is the Plaintiff's Motion for Summary Judgment seeking summary judgment on the Plaintiff's Complaint for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)[2]. For the reasons stated herein, the Plaintiff's Motion for Summary Judgment is granted, a hearing will be held to determine any damages.

---

[1] Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

1

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b).

## II. Facts and Procedural History

On April 26, 2010, the Debtors, Kenneth G. Butz and Freda M. Butz ("Debtors"), filed their Chapter 13 bankruptcy. On May 5, 2010, the Defendant, People First Federal Credit Union ("Defendant" or "Credit Union"), was served with the Notice of 341 Meeting of Creditors in the Debtors' case. The Plaintiff in this case, Freda M. Butz ("Plaintiff"), received a computer generated past due statement (the "Statement")[3], from the Defendant, on June 14, 2010. The Plaintiff has alleged that the Statement was an invoice demanding payment of a pre-petition debt, and thus, a willful violation of the automatic stay pursuant to § 362(k). She commenced this Adversary Proceeding by filing a Complaint on July 12, 2010. A copy of the Statement in question was attached as Exhibit B to the Plaintiff's Complaint at Docket No. 1. On December 21, 2010, the Plaintiff moved for Summary Judgment on the Defendant's alleged violation of the stay and requested a hearing to determine the amount of damages at Docket No. 7. Filed with the Plaintiff's Motion are a Brief in Support at Docket No. 8, and a Statement of Undisputed Facts at Docket No. 9.

The Defendant opposed the Motion for Summary Judgment. Although the Defendant admits sending the Statement to the Plaintiff, the Defendant alleges that it merely informed the female Debtor of the status of her account, and therefore, sending it was not a violation of the

---

[3] The computer generated statement in question here is characterized by the Plaintiff as an invoice and by the Defendant as either a notice or statement. For simplicity, it will be referred to as the Statement in this Opinion.

2

automatic stay. Additionally, the Defendant claims that several acts, including marking the Plaintiff's account for no collection activity and reporting the account as included in a bankruptcy to the credit bureaus, clearly indicate that it did not seek to collect on the account. The Defendant's Answer to the Motion for Summary Judgment is at Docket No. 13. Accompanying the Answer are a Brief in Support of the Answer at Docket No. 14, a Statement of Undisputed Facts of Defendant at Docket No. 15, as well as an Affidavit of the Defendant's Asset Recovery Supervisor, Ronald M. Kurtz, at Docket No. 16.

**III.	Discussion**

    **A.	Summary Judgment Standard**

Summary judgment is governed by Federal Rule of Civil Procedure 56, as incorporated by reference into Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Civil Procedure 56(a) provides in relevant part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When determining if there remains any genuine issue as to any material fact, the Court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001). Further, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

B.  **Violation of the Automatic Stay**

Filing a bankruptcy petition creates an automatic stay under § 362(a) which protects the debtor from a variety of acts by creditors to recover property of the estate, including "(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). The stay has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." See, e.g., *In re Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 637 (3d Cir.1998). Because of its fundamental importance, Congress has provided a remedy to a debtor damaged by violations of the stay. The Congressional remedy is found in § 362(k) which reads, in part:

> (k)(1) Except as provided in paragraph (2) [inapplicable herein], an individual injured by any *willful* violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (Emphasis added.)

11 U.S.C. §362(k)(1).

Generally, to prove a violation of the automatic stay, a debtor/plaintiff must show both that the defendant (1) knew of the automatic stay, and (2) acted willfully to violate the stay. A "willful" violation is a condition precedent to receiving damages under §362(k). "It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed." *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1992), citing *In re University Medical Center,* 973 F.2d 1065,1087-88 (3d Cir. 1992). Courts in the Third Circuit have consistently recognized that "willfulness" under § 362(k) does not require a finding of a creditor's specific intent to violate the stay. *In re Nixon*, 419 B.R. 281, 288 (Bankr. E.D.Pa. 2009), see also *In re Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337

F.3d at 320 n. 8.

### C. No Disputed Issue of Material Fact

The Defendant admits receiving notice of the bankruptcy filing when it received the Notice of 341 Meeting of Creditors on May 5, 2010. The Defendant also admits that it sent the Statement to the Plaintiff on June 14, 2010. With these admissions, I find that there are no genuine issues of material fact in this case. I find that the Defendant had notice of the bankruptcy filing when it mailed the Statement to the Plaintiff on or about June 14, 2010.

### D. Judgment as a Matter of Law

Since the Defendant admits it had notice of the bankruptcy when it sent the Statement, the question I must now decide is whether sending the Statement was a willful violation of the automatic stay. The Defendant has explained that it sent the Statement to the Plaintiff because she continues to conduct post-petition business with the Credit Union and has both a savings account and a line of credit. Mr. Kurtz, the Defendant's Asset Recovery Supervisor, stated in his Affidavit that monthly, the Defendant mails what it calls a "combined statement" to the Plaintiff, and its other customers. The combined statement outlines the activity and balances of the line of credit and the savings account. Paragraph 6 of the Affidavit states "Defendant is unable to segregate loans from savings or checking accounts for purposes of mailing [s]tatements to Plaintiff or any other members of the Credit Union." Kurtz Aff. 6. Finally, Mr. Kurtz verified that the Statement was only sent when the Plaintiff's line of credit became past due, and clarified that the Defendant's system is programmed to forward one notice only, regardless of whether or not payment is tendered.

To further substantiate its position, the Defendant contends that it took several actions which demonstrate that it complied with the requirements of the automatic stay. Upon receipt of the Notice of the 341 meeting, the Defendant states that the Plaintiff's line of credit was immediately marked as "no collection activity". The Defendant also reported the line of credit to the three major credit bureaus as included in a Chapter 13 bankruptcy. Finally, through the Defendant's internal procedures, the line of credit was charged off in July 2010.

In determining whether or not sending the Statement was a violation of the stay, the Defendant's other acts, which appear to be harmonious with the stay, are irrelevant to the analysis. Sending the Statement itself was either a violation of the stay, or it was not. The Statement, is addressed to the Plaintiff and includes her member number; it is a preprinted form with several blank boxes for the computer to fill with the appropriate member specific information. The Statement indicates that payments are due monthly and it is dated "6/14/10". It states, "Your account is 10 or more days past due. Please remit the amount due immediately. If you feel an error has been made please contact us." It further states a loan balance of "4809.76", that the last payment was made on "4/19/10", the loan paid through date is "5/25/10" and an amount due of "125.00". Finally, there is a line to indicate the "amount paid" and the form is perforated such that a Credit Union member may separate a portion of the statement to presumably return with a payment.

Tasked to evaluate the Statement, I conclude that it is, in part, an invoice demanding payment on the account. The Defendant's arguments that the Statement is a simple notice to keep the Plaintiff informed of the status of her account is unpersuasive. If the Statement were only an informative notice, it would not use the language, "Your account is 10 or more days past

6

due. Please remit the amount due immediately." nor would it state "125.00" in the amount due box. Finally, if the Statement was only informative, and not for collection purposes, the computer would not have been triggered to send it only after when the Plaintiff's line of credit became past due as explained by Mr. Kurtz. I find that by sending the Statement to the Plaintiff, the Defendant violated the automatic stay under § 362(a).

Similarly, the Defendant's position that it was necessary for the computer to send such statements to the Plaintiff, as it does all other customers, is unpersuasive. When considering the willfulness of acts which violate the stay, courts have rejected the so called "computer did it" defense. See *In re Wingard*, 382 B.R. 892, 902 (Bankr. W.D.Pa. 2008); *In re Rijos*, 263 B.R. 382, 392 (1st Cir. B.A.P. 2001). Where there is actual notice of the bankruptcy, the defendant has the burden of proving that it took steps to prevent violations of the stay. See *Rijos*, 263 B.R. at 392. The computer did it defense has been characterized as a non-starter "since intelligent beings still control the computer and could have altered the programming appropriately." *In re McCormack*, 203 B.R. 521, 524 (Bankr. D.N.H. 1996).

The supposed necessity in this case is of the Defendant's own creation; it arises because of the Credit Union's own internal policies and procedures. The Defendant has an obligation to shape its policies and procedures such that they are harmonious with the legal requirements placed upon it by the Bankruptcy Code and otherwise. "Sophisticated commercial enterprises have a clear obligation to adjust their programming and procedures and their instruction to employees to handle complex matters correctly." *McCormack*, 203 B.R. at 525.

I find that the Defendant's act of sending the Statement to the Plaintiff was a willful violation as described in § 362(k). Therefore, the Plaintiff is entitled to judgment as a matter of

law on the issue of violation of the automatic stay. A hearing must still be held to determine if the Plaintiff is entitled to recover any damages.

**IV.     Conclusion**

Consistent with the reasoning given above, the Plaintiff's Motion for Summary Judgment is granted. The Defendant's act of sending the Statement to the Plaintiff was a willful violation of the stay under § 362(a); the Plaintiff may be entitled to recover damages pursuant to § 362(k). A hearing will be held to determine whether the Plaintiff is entitled to any costs, fees, or other damages. An Order will be entered consistent with this Opinion.

By the Court,

Date: March 30, 2011

Robert N. Opel, II, Bankruptcy Judge

(BI)